IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cr-30055 |
| | ) | |
| JAMIE RILEY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Jamie Riley's Amended Motion for Compassionate Release (d/e 40) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

On February 23, 2015, Defendant pled guilty to possessing a mixture or substance containing methamphetamine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), as charged in Count One of the Indictment. Defendant's guilty plea was made pursuant to a plea agreement that the parties entered into pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure.

On June 26, 2015, the Court accepted the plea agreement and sentenced Defendant to 151 months' imprisonment and 3 years of supervised release.  Count Two of the Indictment was dismissed at Defendant's sentencing.

Defendant is currently serving his sentence at FCI Elkton and has a projected release date of July 22, 2025.  As of July 17, 2020, the Bureau of Prisons (BOP) reports that FCI Elkton currently has 360 confirmed cases of COVID-19.  See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/ coronavirus/ (last accessed July 17, 2020).

On May 26, 2020, Defendant filed a pro se motion for compassionate release (d/e 32) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On June 26, 2020, following the appointment of defense counsel, an Amended Motion for Compassionate Release was filed.  Defendant requests compassionate release based on his health issues—hypertension and severe obesity—and the COVID-19 pandemic.  Defendant notes that his current body mass index (BMI) is 43.5 and that his only infraction while in BOP custody was for getting a tattoo in September 2019.  Defendant also claims that he

made a request to the warden of FCI Elkton for compassionate release on May 26, 2020.

The United States Probation Office, in a Memorandum (d/e 35) addressing Defendant's request for compassionate release, concludes that Defendant apparently does not have an appropriate residence to which to release at this time. The Memorandum also notes that Defendant has been placed in isolation twice with COVID-19 symptoms but tested negative for COVID-19 on May 29, 2020. On July 2, 2020, the Court entered a text order directing the BOP to test Defendant again for COVID-19.

On July 3, 2020, the Government filed a Response to the Defendant's Motion for Sentence Reduction (d/e 43) opposing Defendant's request for compassionate release. The Government indicates that Defendant tested positive for COVID-19 on July 2, 2020, and is asymptomatic. According to the Government, Defendant's release will pose a threat to the public given the risk that Defendant will infect others with COVID-19. The Government also notes that Defendant's criminal history includes several convictions for crimes that involved the use of violence against others.

On July 7, 2020, the Court held a hearing on Defendant's motion via video conference. Defendant, who attended the hearing by telephone, advised that he was suffering from headaches and "hot flashes" but did not have a fever. The Court granted defense counsel's request to continue the hearing to a later date in order to allow Defendant to find a suitable residence to be released to and to be monitored for COVID-19 symptoms.

On July 17, 2020, the Court held another video hearing on Defendant's motion for compassionate release. At the hearing, defense counsel proffered that Defendant suffers from pulpitis, pneumonia, chronic sinus inflammation, a hernia, an ear infection, and a BMI over 40. Defense counsel also stated that he had been unable to contact Defendant's ex-girlfriend, with whom Defendant wants to live if released from custody.

Counsel for the Government noted that, although Defendant has tested positive for COVID-19, Defendant is not suffering from a cough, a fever, or shortness of breath. Counsel for the Government also indicated that Defendant has refused to have his temperature taken for the last several days.

Defendant, who again attended the hearing by telephone,

denied that he had refused to have his temperature taken. Defendant did acknowledge that he did not have a fever and was not taking medication to treat his hypertension. Defendant also stated that he has been using an inhaler as needed to treat his pneumonia.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP

denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of

the virus, the CDC and state governments have advised individuals to practice good hygiene, social distancing, and isolation. Social distancing can be difficult for individuals living or working in a prison.

However, the circumstances that Defendant currently faces do not warrant a reduction in his term of imprisonment. Defendant is extremely obese, with a BMI over 40, and apparently suffers from hypertension. The CDC's current position is that an individual with a BMI of 30 or higher is at increased risk of severe illness from COVID-19. See People Who Are at Higher Risk for Severe Illness - Coronavirus, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed July 17, 2020). According to the CDC, hypertension may increase the risk that COVID-19 poses. See id.

However, Defendant tested positive for COVID-19 earlier this month but has not experienced a fever, shortness of breath, or any other serious complication. Such an occurrence does not appear to be uncommon. See No Symptoms in 37% of COVID-19 Nursing Home Patients, Research Finds, Center for Infectious Disease

Research and Policy, https://www.cidrap.umn.edu/news-perspective/2020/06/no-symptoms-37-covid-19-nursing-home-patients-research-finds (last accessed July 17, 2020). Even assuming that Defendant is at risk of contracting COVID-19 again, nothing suggests that Defendant would not again experience no serious complications as a result of the disease.

Further, Defendant has over five years remaining on his sentence and has been convicted of several offenses involving the use of violence against others. And Defendant has no suitable release plan. The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Jamie Riley's Amended Motion for Compassionate Release (d/e 40) and Defendant's pro se motion for compassionate release (d/e 32) are DENIED. This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change. The Government is DIRECTED to file,

under seal, Defendant's relevant medical records in the possession of the BOP.

ENTER: July 17, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE